CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 2 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

DAVID ERROL WERT,         )    Civil Action No. 7:07CV00053
      Plaintiff,           )
v.                       )
                          )
JEFFERDS CORPORATION,     )    <u>MEMORANDUM OPINION</u>
d/b/a HOMESTEAD MATERIAL     )
HANDLING COMPANY,         )    By: Samuel G. Wilson
      Defendant.         )    United States District Judge
                          )

This is an action by plaintiff David Errol Wert against defendant Jefferds Corporation for personal injuries Wert sustained when he was struck by a forklift that Jefferds leased to Wert's employer, the Yokohama Tire Company. Wert consistently maintained, until Jefferds was granted summary judgment, that the forklift struck him after someone disconnected the forklift's alarm and strobe light. Wert alleged that Jefferds was negligent and breached various warranties in repairing or reconfiguring the wiring of the forklift's alarm and strobe light, making it easier for Yokohama's employees to disconnect them. The court granted Jefferds' motion for summary judgment, and the matter is now before the court on Wert's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, essentially on the ground that new evidence reveals that Jefferds was guilty of bad faith and abuse in discovery, which led to the entry of summary judgment. The court concludes that the evidence Wert cites falls far short of supporting his allegation and denies his motion for reconsideration.

## I.

In February 2005, Wert worked as a "tire finisher" at Yokohama Tire Company in Salem, Virginia. On February 26, Wert arrived at work at noon for a regularly scheduled twelve-hour shift. At about 5:15 p.m. that day, Wert walked under a conveyor belt on his way to a machine

that was malfunctioning and required his attention. When Wert stepped away from the conveyor belt his foot was run over by a Clark ECG 20 model forklift, which was running in reverse at the time.

Wert sued Jefferds, an entity that sells, leases, and maintains (but does not design or build) forklifts, and that employed a mechanic at Yokohama's facility. According to the Jefferds maintenance mechanic, the strobe lights and reverse alarm were functioning on February 18, 2005 – eight days before the accident – when the mechanic inspected and serviced the forklift that injured Wert. The crux of Wert's claims is that if the forklift's reverse alarm and strobe light had been working, Wert would have seen or heard the forklift, and he never would have been injured. Wert faults Jefferds for the absence of operational safety devices, though all parties agree that Yokohama workers, annoyed by the lights and noise, routinely destroyed the reverse alarms and strobe lights on the forklifts.

Wert filed his complaint on February 2, 2007. On May 25, this court granted Wert's first motion to amend and took Jefferds' motion to dismiss under advisement. Wert filed an amended complaint on May 31. The parties engaged in discovery, which included an October 18 deposition of the Jefferds mechanic. On November 30, Jefferds moved for summary judgment. On December 14, Wert filed a second motion to amend or correct his complaint, and this court granted the motion.

On December 17, the court held a hearing on Jefferds' motion for summary judgment. As in Wert's complaint and his opposition to the summary judgment motion, Wert argued that Jefferds had incorrectly repaired the forklift's safety equipment damaged by the annoyed workers, making it too susceptible to yet more destruction. Wert did not dispute that Jefferds

2

repaired the forklift eight days before the accident. (Tr. 11:12.) The hearing then proceeded:

> THE COURT: So what happened during that eight days that makes them liable?
> MR. SMITH: At the time of the accident, neither the reverse alarm nor the strobe light were working or functional on that forklift.
> THE COURT: Why are they responsible for that? What does their contract say about what they're supposed to do?
> MR. SMITH: Based on the limited discovery – we do not have the actual contract, but from the testimony of the mechanic on-site, he said they would repair the items –
> THE COURT: Well, you haven't been prohibited from obtaining that contract, have you?
> MR. SMITH: No, your Honor. We have not been prohibited, no.

(Tr. 11:13-12:1.) Both parties were given two opportunities to make their arguments; those arguments centered on the methods Jefferds used to repair wiring and on what legal standard governed Jefferds' conduct. The court ordered Jefferds to submit Jefferds' service contract with Yokohama regarding the forklifts. (Tr. 29:5-6.) It also ordered Wert to respond to the submission of the contract, if he had any response. (Tr. 29:16-17.) The hearing proceeded:

> MR. SMITH: Your Honor, as well, I was holding off on this because the discovery that the Court allowed was somewhat limited, but –
> THE COURT: Well, I didn't totally limit it.
> MR. SMITH: Not on this issue, Your Honor. Pardon me. But in Mr. Spence's deposition –
> THE COURT: Yes.
> MR. SMITH: – he brought up the fact that Jefferds had done its own report on the incident. I was wondering if it would be acceptable to get this before the Court as well.
> THE COURT: I mean, I don't know. I mean, all I intended was to make sure you all had discovery on these issues, that you all engaged in it, and that you would bring it on, on a motion for summary judgment and I would rule on it. I'm not trying to tell you how to do that. I thought that's what we were doing here today, and I was hearing whatever it was that you all had marshaled, pro and con, on it. I'm not going to tell – I don't think it would be appropriate for me to advise anybody one way or the other as to how they ought to proceed. I thought this was the motion for summary judgment today.
> MR. SMITH: Yes. I would just like to have this report as well, since it's a report from Jefferds on the forklift itself.

3

> THE COURT: I haven't kept you from getting it.
> MR. SMITH: No, you have not.
> [brief exchange omitted]
> MR. SMITH: I don't have this report, Your Honor.  I have not requested this report, either, but I do plan on requesting it from counsel.
> [passage omitted]
> THE COURT: . . . But I am going to rule on this motion for summary judgment, so if you intend for [the report] to be incorporated, I should receive it.

(Tr. 29:25-32:14.)  Jefferds submitted the contract and accompanying affidavits to the court on December 21, 2007.  Wert did not respond or file anything at all in the weeks thereafter.  On January 24, 2008, the court entered a memorandum opinion granting Jefferds' summary judgment motion.  In Wert's complaints and in all pleadings before the court's ruling on summary judgment, Wert faults Jefferds for not doing more than it did to prevent the workers' destruction from recurring.  Wert's theory was that the alarm and light were present but not working at the time of the accident.

After the court ruled on Jefferds' summary judgment motion, Wert almost immediately filed a Federal Rule of Civil Procedure 60(b) motion to vacate, which is available where new evidence could not have been discovered in time to make a motion for a new trial.  Wert's grounds were that "defendant has never made initial disclosures as required by Rule 26(a)(1) . . ."  Along with that motion, Wert enclosed as an exhibit his "first request for production of documents," which was sent on December 20, 2007, *after* the parties had filed briefs and conducted oral argument on the summary judgment motion.  On January 30, 2008, Wert filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e), in which he argued, for the first time, that Yokohama's incident investigation showed that the forklift in question did *not* have a reverse alarm installed on it.

4

## II.

Wert argues that Jefferds' abuse of discovery entitles him to an alteration of this court's judgment. Wert, however, has not demonstrated such abuse, or any other ground for altering the judgment pursuant to Federal Rule of Civil Procedure 59(e). The court therefore denies Wert's motion.

Federal Rule of Civil Procedure 59(e) provides that a party may request, within ten days after the entry of judgment, alteration or amendment of the judgment. There are three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The Rule 59(e) criteria are strict,[1] and the moving party must be able to point to controlling decisions or data that the court overlooked. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions under the rule may not be used to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. A party relying on new evidence must also produce a legitimate justification for not presenting the evidence during the earlier proceeding. Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996).

Wert first asserts that judgment should be altered "to account for new evidence not available at trial." Pacific Ins. Co., 148 F.3d at 403. The new evidence is a one-page Yokohama

_____

[1] Rule 60(b) motions are appropriate where Rule 59(e) is inapplicable, and are subject to even more stringent requirements than those under Rule 59(e). Wert's Rule 59(e) motion was timely filed and, therefore, this court considers all of Wert's contentions as pursuant to Rule 59(e).

Tire Corp. "Incident Investigation" ("the Yokohama report") which says "beeper never installed, light not working" and lists "no backup beeper or light" as "root cause #2" of the accident. (Pl.'s Second Mot. to Alter or Amend J., Exhibit A.)

Wert's argument here is that Jefferds is at fault, through abuse of discovery, for the late disclosure of the Yokohama report. Wert asserts Jefferds failed to comply with Federal Rule of Civil Procedure 26(a)(1), the rule requiring that parties disclose a copy of "all documents . . . that the disclosing party has in its possession . . . and may use to support its claims or defenses . . . ." Wert has not demonstrated that Rule 26 obligated Jefferds to disclose this document, and therefore has not proven abuse of discovery. Wert asserts on brief that Jefferds never responded to a discovery request. However, this issue would have been one properly raised in a motion to compel or other action prior to the summary judgment stage. The record clearly demonstrates that Wert, by his own account, was aware of the Yokohama report on October 18, two months before the summary judgment hearing; that Wert was not prohibited by the court from procuring the Yokohama report; and that, as of the summary judgment hearing on December 17, Wert had not yet requested the Yokohama report from Jefferds. (Tr. 31:5-6 ("I have not requested this [Yokohama] report, either, but I do plan on requesting it from counsel.").) Wert, therefore, has not shown either that Jefferds abused the discovery process or that the Yokohama report – had Wert requested it – was not available earlier.

Wert next asserts that the judgment must be altered "to correct a clear error of law or to prevent manifest injustice." Pacific Ins. Co., 148 F.3d at 403. Wert argues that "[i]t would be a manifest injustice to dismiss plaintiff's claim on summary judgment based on repairs and installation to a reverse alarm, according to new evidence, does not exist." (Pl.'s Second Mot. to

6

Alter or Amend J. 3.) This argument is essentially that the court was in error to rule against Wert on Wert's own theory of liability that, Wert has now learned, is bogus. The court rejects the argument.

It is well-established that the nonmoving party in a summary judgment motion must produce evidence that would support a jury verdict in its favor, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Wert made no effort to demonstrate that this case was not ripe for summary judgment without the Yokohama report, and on the present motion he does not assert that the court erred in granting summary judgment based upon the facts and law before it. Wert could also have requested additional time to respond or to conduct more discovery, pursuant to Federal Rule of Civil Procedure 56(f). Wert did not do this, either. He noted his desire for the Yokohama report. The court made clear that the case had reached the summary judgment stage, and Wert agreed. (Tr. 30:20-22.) The court said that the report should be received if it was to be considered.

Wert concedes in briefing the present motion that "neither common law nor federal regulations require a reverse alarm [on a workplace forklift] . . . ." (Mem. in Supp. of Pl.'s First and Second Mot. and Notice of Mot. to Alter or Amend J. 3.) He also concedes that he cannot identify any contractual duty that bound Jefferds to equip the forklifts with reverse alarms, and that he will "voluntarily withdraw his claim and not pursue an appeal" if no such obligation exists. The court finds that Wert's presentation of the Yokohama report untethered to any legal duty is insufficient to demonstrate a manifest injustice. Even if the Yokohama report were clearly accurate (Jefferds maintains it is not accurate), it does not establish that Jefferds failed to properly inspect and repair a safe and operational forklift just eight days before the accident, or

7

that Jefferds violated a legal duty, contractual or otherwise. Under the circumstances, Wert has not shown that the "extraordinary" relief provided under Rule 59(e) is warranted. Pacific Ins. Co., 148 F.3d at 403.

### III.

For the reasons stated, the court denies plaintiff's motion for reconsideration.

**ENTER**: This _12th_ day of June, 2008.

UNITED STATES DISTRICT JUDGE

8